**Dorothy FRAZIER, Plaintiff-Appellant,**

v.

**The BOARD OF TRUSTEES OF NORTH-WEST MISSISSIPPI REGIONAL MEDICAL CENTER, et al., Defendants-Appellees.**

No. 83–4679.

United States Court of Appeals, Fifth Circuit.

Dec. 4, 1985.

Merkel & Cocke, John H. Cocke, Walter Stephens Cox, Clarksdale, Miss., for Board of Trustees of NWMRMC & Clifford L. Johnson, etc.

Frank C. Kruppenbacher, Orlando, Fla., for Lifetron Systems, Inc., et al.

Kossman & Kossman, Nancy P. Kossman, L. Paul Kossman, Cleveland, Miss., for Frazier.

### ON PETITION FOR REHEARING

Before GOLDBERG, RUBIN and HILL, Circuit Judges.

### OPINION

PER CURIAM:

On the appellant's Petition for Rehearing, the court orders that the following be substituted for footnote 31 of the court's original opinion, 765 F.2d at 1291:

[31] Frazier also moved under Rule 59(c) for the district court to alter or amend its judgment in favor of the Lifetron defendants if the court granted her Rule 60(b)(6) motion with respect to the Northwest defendants. Because we uphold the court's denial of Frazier's Rule 60(b)(6) motion, we need not address this Rule 59(c) motion.

That part of the court's original opinion discussing attorney's fees (from the second full paragraph on 765 F.2d 1292 (beginning with "With regard to appellant's claim for an interim award of attorney's fees...") to the end of section IV, at 765 F.2d 1295) is withdrawn, and the following is substituted:

With regard to appellant's claim for an interim award of attorney's fees under 42 U.S.C. § 1988, we regard our decision in *Uviedo v. Steves Sash & Door Co.,* 753 F.2d 369 (on petition for rehearing), *peti-*

*tion for reh'g en banc denied,* 760 F.2d 87 (1985), as controlling and therefore deny appellant's claim for interim attorney's fees in the present case. Appellant's success in obtaining a preliminary injunction cannot be considered separable from or unrelated to her ultimate failure to prevail on the merits of her claim.

In all other respects, the appellant's Petition for Rehearing is DENIED.