United States Court of Appeals,

Fifth Circuit.

Nos. 91–1130, 91–1397.

FIRST REPUBLICBANK FORT WORTH, etc., et al., Plaintiffs,

Federal Deposit Insurance Corporation, and NCNB Texas National Bank, N.A., Plaintiffs–Appellants,

v.

NORGLASS, INC., Defendant–Appellee.

FIRST REPUBLICBANK FORT WORTH, N.A., etc., et al., Plaintiffs,

NCNB Texas National Bank, N.S., and Federal Deposit Insurance Corporation, in its corporate capacity, Plaintiffs–Appellants,

and

William Frank Carroll, Appellant,

v.

NORGLASS, INC., Defendant–Appellee.

April 16, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before GOLDBERG, JOLLY, and WIENER, Circuit Judges.

GOLDBERG, Circuit Judge:

The question presented in this appeal is whether two years was a "reasonable time" within which to make a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. In the context of this case, we hold that it was not.

I.

The facts germane to this appeal are lucidly set forth in the district court's published memorandum opinion and order, 751 F.Supp. 1224, 1225–27 (N.D.Tex.1990), and do not bear detailed repetition here. For purposes of this appeal, we need only point out that the predecessor of First RepublicBank Fort Worth ("RepublicBank") sued Norglass in state court over a $94,474.16

check. A jury returned a verdict in favor of Norglass. Norglass moved for judgment on the verdict and RepublicBank moved for judgment notwithstanding the verdict. The state court entered judgment in favor of Norglass on July 28, 1988 and denied RepublicBank's motion for judgment notwithstanding the verdict on August 26, 1988. On that day, RepublicBank moved for a new trial, which motion the court denied on September 27, 1988.

On October 24, 1988, the FDIC and NCNB (the "intervenors") filed pleas of intervention in the state court litigation, alleging that on July 29, 1988 (the day after judgment was entered in favor of Norglass), the FDIC had been appointed receiver of RepublicBank and NCNB had been assigned certain assets of RepublicBank by the FDIC. The intervenors also filed a petition for removal. "The pleas in intervention and petition for removal were filed two days prior to the expiration of the period of time within which an appeal from the July 28, 1988, judgment could have been perfected under state law." 751 F.Supp. at 1226.

Once the case was removed to federal district court, Norglass promptly moved to dismiss, or in the alternative, to remand. The district court denied the motion on March 28, 1989. On October 18, 1990, two years and three months after final judgment was entered in the state court litigation and nearly two years after intervenors removed the case to federal district court, the FDIC and NCNB made a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. In that motion, the intervenors asserted, for the first time, both the "superpower defenses" provided by federal statutory and common law, *see D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1941); 12 U.S.C. §§ 1821(n)(4)(I), 1823(e) (1990), and the federal holder in due course doctrine. Nothing of significance transpired in the case during the period between removal and the motion, other than the resolution of Norglass' motion to dismiss or remand.

The district court denied the Rule 60(b) motion, holding, *inter alia,* that the motion was not made within a "reasonable time" as required by the rule. *Id.* at 1229. The court also commented that

plaintiff and intervenors neglected to perfect an appeal to this court after removal. *Id.* at 1226. According to the district court, plaintiffs and intervenors had sixty days from the July 28, 1988 state court judgment to appeal the decision to this court, but "[n]one of them took steps to perfect such an appeal. Thus, the July 28, 1988, judgment became a final unappealable judgment no later than November 28, 1988." *Id.* The district court imposed sanctions against the intervenors on the ground that there was "a total lack of justification for any relief, factually or legally that the [intervenors' Rule 60(b) motion] was timely as required by Fed.R.Civ.P. 60(b)." The court sanctioned the intervenors in an amount reflecting the attorneys' fees expended by Norglass in responding to the motion.

## II.

In relevant part, Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of judgment. The motion shall be made within a reasonable time.... A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Fed.R.Civ.P. 60(b). The denial of a Rule 60(b) motion on the basis that the motion was not filed within a "reasonable time" is reviewed on appeal under the highly deferential abuse of discretion standard. *Northshore Development, Inc. v. Lee,* 835 F.2d 580, 582 (5th Cir.1988). "What constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question." *Federal Land Bank v. Cupples Bros.,* 889 F.2d 764, 767 (8th Cir.1989). This case thus boils down to whether the district court abused its discretion in concluding that, on the facts of this case, the Rule 60(b) motion—filed two years after removal—was not filed within a "reasonable time."

We observe at the outset that Rule 60(b) was the appropriate mechanism for challenging the state court judgment once it was removed to the federal district court. *RTC v. Holland,* No. 89–2893, slip op. at 2 (5th Cir. Oct. 24, 1989) (unpublished disposition) (citing *Beighley v. FDIC,* 868 F.2d 776, 781 (5th Cir.1989) and *Murray v. Ford Motor Co.,* 770 F.2d 461, 463 (5th Cir.1985)).

We have explained that:

> A state court judgment in a case properly removed to federal court ... can be vacated under Federal Rule of Civil Procedure 60(b). Rule 60(b)(6) enables us to grant relief from final judgment in cases in which such relief is justified but is not explicitly authorized by earlier sections of the Rule.

*FDIC v. Yancey Camp Development,* 889 F.2d 647, 648 (5th Cir.1989) (citations and footnote omitted).

Although it is well settled that "when a case is removed the federal court takes it as though everything done in the state court had in fact been done in federal court," *Murray,* 770 F.2d at 464 (citing *Savell v. Southern Ry.,* 93 F.2d 377, 379 (5th Cir.1937)), this court has no jurisdiction to entertain an appeal until the district court has issued a final or otherwise appealable order. *Holland,* slip op. at 2 (citing 28 U.S.C. §§ 1291, 1292). That order, in a case which has been removed to federal court following the entry of judgment in state court, will be one resolving a timely filed Rule 60(b) motion. *Id.* The district court's suggestion, 751 F.Supp. at 1228–29, that the state court judgment became a final unappealable judgment when the time lapsed (on November 28, 1988) for the intervenors to perfect an appeal is therefore misleading. Immediate appellate review by this court was not an available avenue of relief. *Holland,* slip op. at 2. The intervenors could not have perfected an appeal from the state court judgment until they filed a timely Rule 60(b) motion.[1]

But a timely motion they did not file. The intervenors waited more than two years after they removed the case to file the requisite Rule 60(b) motion. We agree with the district court that "[n]o meaningful justification is given by intervenors for the ... delay in filing the motion, nor can there be any plausible justification for such a delay." 751 F.Supp. at 1229.

---

[1] Thus, the state court judgment was not a "final *unappealable* judgment" under 12 U.S.C. § 1821(d)(13) because the intervenors could still take an appeal from the denial of their Rule 60(b) motion. Of course, since we affirm the denial of the motion, the state court judgment is now a "final unappealable judgment," absent reversal by the Supreme Court.

The appellate cases cited by the FDIC in support of their argument that the more than two year lapse constitutes a "reasonable time" are to no avail. Several of the cases merely stand for the proposition that the timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment. For example, in *United States v. 119.67 Acres of Land,* 663 F.2d 1328 (5th Cir.1981), the United States entered into a stipulation with the leasehold owners in a condemnation proceeding. The stipulation was entered as the judgment of the court. Four years later, the United States moved to set aside the stipulation-judgment on the ground that the area condemned was subject to a navigational servitude in favor of the government, that could not be deprived absent Congressional authority. Treating the motion as a Rule 60(b)(6) motion, our court held that

> [w]hile four years is certainly a considerable length of time [to file the motion], we recognize the possibility that until the navigational servitude was asserted, the United States would have no reason to realize that it had been compromised. Given the significant governmental and public rights involved in this controversy, we find that the motion was filed within a reasonable time and, for that reason, should not be dismissed as untimely.

*Id.* at 1331. In *119.67 Acres,* there was no indication that the movant was aware of the basis for making the motion yet sat idly by. Here, the grounds for filing the Rule 60(b) motion—to assert the superpower defenses and the holder in due course doctrine—were known to the intervenor-movants all along.

Similarly, *Washington v. Penwell,* 700 F.2d 570 (9th Cir.1983), concerned a Rule 60(b)(6) motion filed four years after a consent decree. The district court measured the timeliness of the motion from the date of the district court's finding concerning the parties' compliance with the decree. Since only two months had elapsed between the finding and the motion, the Ninth Circuit held that "there was no abuse of discretion in concluding that this motion was made within a reasonable time." *Id.* at 573.

The court in *Dunlop v. Pan American World Airways, Inc.,* 672 F.2d 1044 (2d Cir.1982),

held that a Rule 60(b)(6) motion was timely when filed two years after settlement but only four months after the grounds for the motion became evident to the movant. The court observed that the movant had justifiably relied upon the assurances of the opposing party that the settlement would not affect related state court proceedings. Because the moving party filed the Rule 60(b) motion within four months of its learning that the assurances were not so sure after all, the court held that the motion was filed within a reasonable time.

Finally, the court in *Clarke v. Burkle,* 570 F.2d 824 (8th Cir.1978), concluded that the movant filed its Rule 60(b) motion in a timely fashion even though the motion was filed years after the judgment was entered. The court explained that the movants acted reasonably in waiting for the district court's decision in a later, but related, case before filing the Rule 60(b) motion because it was the unfavorable ruling in the later case that precipitated the need for the Rule 60(b) motion. *Id.* at 831–32. The time span between judgment and motion was not critical in that case because movants had no reason to move for relief from judgment until later events occurred.

The other case cited by the intervenors, *In re Pacific Far East Lines, Inc.,* 889 F.2d 242 (9th Cir.1989), offers no support for their position. In that bankruptcy proceeding, the bankruptcy court ruled that the trustee's Rule 60(b) motion was filed within a reasonable time notwithstanding a fifteen-month delay. The Ninth Circuit affirmed the bankruptcy court's decision, writing that:

> The trustee has cited his responsibilities in managing other aspects of the complicated … bankruptcy as his excuse for the delay in filing the motion to reconsider. The bankruptcy judge was in the best position to evaluate the reasonableness of this excuse and the delay in general. We find nothing in the record to conclude that the bankruptcy judge abused his discretion in finding the motion timely.

*Id.* at 249–50. In the instant case, the intervenors proffered the district court no excuse for their twenty-four month delay other than to suggest that the motion required extensive research. Like the Ninth Circuit, we think that the district court "was in the best position to evaluate the reasonableness of this excuse and the delay in general." *Id.*

We concede that the determination of reasonableness is a less than scientific exercise. Nevertheless, we are comfortable affirming the district court's judgment because there is no abuse of discretion in finding that a *two year* delay in filing a Rule 60(b) motion is beyond the bounds of reasonableness when, as here, the moving party has given no valid justification for the delay. *See McLawhorn v. John W. Daniel & Co.,* 924 F.2d 535, 538 (4th Cir.1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made *three to four months* after the original judgment and no valid reason is given for the delay."); *Cupples Bros.,* 889 F.2d at 767 (no abuse of discretion in denying Rule 60(b) motion as untimely where motion was filed after *ten week* delay and movant offered no excuse for the delay); *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610–11 (7th Cir.1986) (affirming district court's denial of Rule 60(b) motion based on *four month* delay); *Frazier v. Board of Trustees of Northwest Mississippi Regional Medical Center,* 765 F.2d 1278, 1292 ("*five months* was hardly a "reasonable time' at which to contest the district court's rule 54(b) order"), *amended,* 777 F.2d 329 (5th Cir.1985), *cert. denied,* 476 U.S. 1142, 106 S.Ct. 2252, 90 L.Ed.2d 697 (1986); *cf. White v. American Airlines, Inc.,* 915 F.2d 1414, 1425 (10th Cir.1990) (no abuse of discretion in denying Rule 60(b)(1) motion in the face of an unexplained delay of nearly *one year* in filing the motion).

### III.

Although we conclude that the district court did not abuse its discretion by denying the Rule 60(b) motion on timeliness grounds, we do not believe that the imposition of sanctions was warranted in this case. There is no suggestion that the intervenors were motivated by an improper purpose in filing the motion, and indeed, we have observed that the filing of a Rule 60(b) motion was necessary to perfect an appeal to this court. Their mistake was in waiting too long to file the motion.

Of course, by virtue of this opinion it should now be clear that the requisite Rule 60(b) motion must be filed promptly, and any delay in filing the motion be justified by a valid excuse. Thus, our reversal of the imposition of sanctions in this case does not bar the imposition of sanctions in future

cases where the motion is not filed within a reasonable time.

The judgment of the district court denying the Rule 60(b) motion is AFFIRMED and the order imposing sanctions VACATED.