IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-1339
Summary Calendar
_____

FEDERAL DEPOSIT INSURANCE CORPORATION,
As Successor in Interest to, o/b/o
NCNB Texas National Bank,

Plaintiff-Appellee,

VERSUS

KAHLIL ZOOM-IN MARKETS, INC., et al.,

Defendants,

KAHLIL ZOOM-IN MARKETS, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

(November 13, 1992)

Before JONES, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

We clarify today, in light of our recent holding in Federal Deposit Insurance Corp. v. Meyerland Co. (In re Meyerland Co.), 960 F.2d 512 (5th Cir. 1992) (en banc), the question of the jurisdiction of a federal court of appeals where a matter has been removed to federal district court while appeal is pending in a state court of appeals. Concluding that in the instant case we are without jurisdiction in the absence of a final judgment entered by the federal district court, we vacate and remand.

I.

NCNB Texas National Bank ("NCNB") brought suit against Donal J. Delp and the instant appellant, Kahlil Zoom-In Markets, Inc. ("Kahlil"), for enforcement and collection of promissory notes and for foreclosure of a lien against property. NCNB had acquired the notes from the Federal Deposit Insurance Corporation ("FDIC") as receiver for First RepublicBank Fort Worth, N.A., following the failure of the bank that previously had owned the notes; NCNB later assigned the notes to the FDIC in its corporate capacity ("FDIC/Corporate").

The state trial court entered summary judgment in favor of FDIC/Corporate, and Kahlil filed notice of appeal in state court. FDIC/Corporate then removed the matter to federal district court pursuant to 12 U.S.C. § 1819(b)(2)(A) and (B), the same removal provision utilized in Meyerland. See Meyerland, 960 F.2d at 514. A few days later, Kahlil filed a notice of appeal to this court, seeking review of the state trial court's summary judgment and four of its orders. Again within a few days, Kahlil filed in the district court a motion to transfer the action to this court pursuant to 28 U.S.C. § 1631.[1] The district court promptly

_____

[1] Section 1631 reads as follows:

Transfer to cure want of jurisdiction

    Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or

(continued...)

2

granted the motion to transfer and, without entering a judgment of any kind, directed the clerk of court to close the proceeding and transmit the records to this court.

## II.

This court plainly does not have jurisdiction stemming from a purported transfer pursuant to section 1631. By its very terms, that section may be utilized only for a transfer from a court that lacks jurisdiction. But in light of Meyerland, it is uncontrovertible that the federal district court had jurisdiction once the removal petition was filed. See Meyerland, 960 F.2d at 515-20. Specifically, as we noted in Meyerland, id. at 514-15, section 1819(b)(2)(B) provides that removal pursuant thereto is to "'the appropriate United States district court.'" (Emphasis added in Meyerland, footnote omitted.)

## III.

We also conclude that in the absence of a final, appealable judgment from the district court, we are without jurisdiction. As we have reasoned that the transfer order entered pursuant to section 1631 cannot suffice, we must look to some other order or pleading that confers appellate jurisdiction; we find none.

It is true that before the transfer order was entered,

[1](...continued)
noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Kahlil filed a notice of appeal. That notice, however, cannot divest the district court of jurisdiction and confer jurisdiction on this court without the existence of an appealable order from the district court.

A proper course for the district court to take under these circumstances is set forth in 5300 Memorial Investors, Ltd. v. RTC (In re 5300 Memorial Investors, Ltd.), 973 F.2d 1160 (5th Cir. 1992). There, we held that the district court "correctly entered the state court's judgment as its own, complying with the requirement set forth in Granny Goose Foods [v. Brotherhood of Teamsters, Local No. 70, 415 U.S. 423, 435-36 (1974)]. Accord Walker v. FDIC, 970 F.2d 114, 121 & n.12 (5th Cir. 1992)." Id. at 1163.[2]

Thus, we conclude that we are without jurisdiction. The district court's transfer order is VACATED, and this matter is REMANDED to the federal district court for entry of a final, appealable judgment.

---

[2] In First RepublicBank Fort Worth v. Norglass, Inc., 958 F.2d 117, 119 (5th Cir. 1992), decided before Meyerland, we noted that Fed. R. Civ. P. 60(b) "was the appropriate mechanism for challenging the state court judgment once it was removed to the federal district court." (Citations omitted.) We concluded that we have "no jurisdiction to entertain an appeal until the district court has issued a final or otherwise appealable order [, and t]hat order, in a case which has been removed to federal court following the entry of judgment in state court, will be one resolving a timely filed Rule 60(b) motion . . . . The intervenors could not have perfected an appeal from the state court judgment until they filed a timely Rule 60(b) motion." Id. at 119-20.

Meyerland, as an en banc case, supplants the statements in First RepublicBank that a rule 60(b) motion is the means to effect an appeal upon removal. As in 5300 Memorial, the district court may adopt the state court's judgment as its own, whereupon the federal district court's judgment becomes appealable.