IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10942
Summary Calendar
_____

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

REDBANK PETROLEUM, INC.; ET AL,

Defendants,

BRENT A. WAGMAN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-1267-T
- - - - - - - - - -
May 16, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Brent A. Wagman appeals the district court's denial of his

FED. R. CIV. P. 60(b) motion as untimely and without merit.

Wagman initially sought relief under Rule 60(b)(2), (3), and (6).

However, since he did not file the motion until more than one

year after judgment was entered, relief under subsections (2) and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(3) was precluded.  FED. R. CIV. P. 60(b); see Rozier v. Ford Motor Co., 573 F.2d 1332, 1337 (5th Cir. 1978).  On appeal, Wagman seeks relief only under subsection (6), to which the one-year limitations period does not apply.  FED. R. CIV. P. 60(b).  However, Wagman has failed to distinguish the Commission's alleged misconduct from the type of fraud which would fall under Rule 60(b)(3), and he has failed to show that the alleged misconduct could not have been discovered in time to file a Rule 60(b)(2) motion.  See Rozier, 573 F.2d at 1332, 1337-38; First RepublicBank v. Norglass, Inc., 958 F.2d 117, 119 (5th Cir. 1992).  His motion was therefore untimely.  Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir. 1989); Kerwit Medical Products, Inc. v. N & H Instruments, Inc., 616 F.2d 833, 836 n. 8 (5th Cir. 1980); see also, Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 n.11 (1988).  In addition, he has failed to show that the Commission engaged in "egregious misconduct" or an unconscionable plan or scheme designed to improperly influence the court in its decision, and thus Wagman is not entitled to relief under the "independent action" doctrine.  See Hess v. Cockrell, 281 F.3d 212, 217 (5th Cir. 2002); see also, Rozier, 573 F.2d at 1338.

Wagman's appeal is frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  It is therefore DISMISSED.

Wagman's motions to take judicial notice of facts are
DENIED.

APPEAL DISMISSED; MOTIONS DENIED.