# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-70034

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2015

Lyle W. Cayce
Clerk

TROY CLARK,

Petitioner–Appellant,

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:03-CV-357

Before STEWART, Chief Judge, and HIGGINBOTHAM and OWEN, Circuit
Judges.

PER CURIAM:*

Troy Clark was convicted of capital murder in Texas state court in March
2000. For the punishment phase of Clark's trial, Clark's trial counsel failed to
investigate or present any mitigating evidence. Clark was sentenced to death.
Clark was appointed new counsel for his state habeas proceedings. Clark's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

state habeas counsel investigated for five hours and obtained one affidavit to support a claim that trial counsel were ineffective when they failed to present any mitigating evidence. Clark's state habeas petition was denied on the merits, and he was represented by the same counsel during his federal habeas proceedings. Although Clark's habeas counsel obtained additional mitigating evidence for the federal habeas proceedings, this court held that such evidence could not be considered when reviewing the state habeas court's judgment under the Supreme Court's decision in *Cullen v. Pinholster,*[1] and we affirmed the district court's denial of habeas relief.[2] Two weeks later, the Supreme Court decided *Martinez v. Ryan*, and held that ineffective assistance by state habeas counsel in an initial-review collateral proceeding may establish cause to overcome a procedural default of a claim of ineffective assistance of trial counsel (IATC).[3] The following term, in *Trevino v. Thaler*, the Court held that the *Martinez* decision applies in Texas.[4]

Three months after *Trevino* was decided, the state trial court appointed Clark new counsel to seek relief pursuant to *Martinez* and *Trevino*. Clark then filed a new state habeas petition, which the Texas Court of Criminal Appeals dismissed as an abuse of the writ almost three months after Clark filed it.[5] The federal district court then appointed Clark new counsel for federal proceedings. Clark subsequently brought a Rule 60(b)(6) motion for relief from the district court's judgment denying habeas relief, on the grounds that his previous counsel had a conflict of interest during federal habeas proceedings

---

[1] 131 S. Ct. 1388 (2011).

[2] *Clark v. Thaler*, 673 F.3d 410, 417, 421-22 (5th Cir. 2012).

[3] 132 S. Ct. 1309, 1318-20 (2012).

[4] 133 S. Ct. 1911, 1918, 1921 (2013).

[5] *Ex parte Clark*, No. WR-55,996-02, 2014 WL 1910597, at *1 (Tex. Crim. App. May 7, 2014) (per curiam) (not designated for publication).

No. 14-70034

because he could not argue his own ineffectiveness to excuse a procedural default.  If Clark obtains Rule 60(b) relief, he would present a "new" claim of IATC during the punishment phase, supported by evidence that was not presented to the state habeas court in his first petition.  He argues the evidence is so substantial that it fundamentally alters his previous claim, rendering it unexhausted such that equitable relief based on *Martinez* and *Trevino* is potentially available to him.  The district court denied the motion because it was untimely and without merit and denied Clark a certificate of appealability (COA).  Clark now applies to this court for a COA.

## I

Clark seeks a COA from the district court's denial of his Rule 60(b) motion to reopen the judgment denying him federal habeas relief.[6]  Under 28 U.S.C. § 2253(c), a COA should issue only when "the applicant has made a substantial showing of the denial of a constitutional right."[7]  When a petition is denied on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[8]  On Clark's motion for a COA, the court "must determine whether a jurist of reason could conclude that the district court's denial of

---

[6] *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) (per curiam) (explaining that a COA is needed to appeal a denial of a Rule 60(b) motion when that motion sought to alter a judgment from a prior habeas proceeding).

[7] 28 U.S.C. § 2253(c)(2).

[8] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3

No. 14-70034

[Clark]'s motion was an abuse of discretion."[9]   If so, a COA will issue.[10]  "[I]n a death penalty case any doubts as to whether a COA should issue must be resolved in the petitioner's favor."[11]

## II

Rule 60(b)(6) may only be invoked in "extraordinary circumstances."[12] Although a mere change in decisional law ordinarily does not constitute an extraordinary circumstance under the rule,[13] Clark argues that it was a defect in the integrity of his federal habeas proceeding that constituted an extraordinary circumstance.  In particular, Clark argues that Craig Henry, his federal habeas counsel, had a conflict of interest because he also served as Clark's state habeas counsel and, in light of the Supreme Court's decisions in *Martinez* and *Trevino*, Henry could not be expected to argue his own ineffectiveness to overcome the procedural default of the "new" IATC claim Clark seeks to present if the Rule 60(b) motion is granted.  According to Clark, Henry was ineffective in the state habeas proceeding, because although he did conduct *some* investigation, his investigation was conducted in a very limited amount of time (a maximum of five hours) and consisted only of interviews of Clark's mother and a few other witnesses from whom no evidence was

---

[9] *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011) (per curiam); *see also Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) ("Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion." (citation omitted)).

[10] *See Hernandez*, 630 F.3d at 428; *see also Clark v. Thaler*, 673 F.3d 410, 425 (5th Cir. 2012).

[11] *Clark*, 673 F.3d at 425 (quoting *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007)).

[12] *Hernandez*, 630 F.3d at 429 (quoting *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010)).

[13] *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 536-37 (2005); *Hernandez*, 630 F.3d at 429-30.

4

obtained.[14]    Finally, Clark contends that the IATC claim he now seeks to present is supported by substantially more evidence than the claim presented to the state habeas court in 2004 and therefore is "so fundamentally different" that it that it "constitutes a new claim for purposes of federal habeas review," meaning that a federal habeas court would not be barred from considering it under *Pinholster*.

The State argues that Clark's Rule 60(b)(6) motion should be construed as an impermissible successive habeas petition.  Relying on *Gonzalez v. Crosby*,[15] the State asserts that Clark should not be able to use a Rule 60(b) motion to relitigate the merits of his IATC claim.  A Rule 60(b) motion is not successive under *Gonzalez* if it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[16]  However, a Rule 60(b) motion based on "habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."[17]

The State also argues that even if Clark is granted Rule 60(b) relief due to a defect in the prior federal habeas proceeding, it would not benefit him, because subsequently he would be unable to introduce the new evidence under *Pinholster*.  Moreover, the State asserts that even if the claim is a new one, Clark would be unable to show that it was defaulted in the prior federal habeas

---

[14] *See Escamilla v. Stephens*, 749 F.3d 380, 392 (5th Cir. 2014) ("[C]ounsel spent only a limited amount of time interviewing a select handful of [Escamilla's] family members and acquaintances . . . .").

[15] 545 U.S. 524, 531 (2005) (Rule 60(b) motions that attempt to "present new claims for relief from a state court's judgment of conviction" must be dismissed under AEDPA's requirements for filing a successive petition.).

[16] *Id*. at 532.

[17] *Id.* at 532 n.5 (citation omitted).

proceeding, because by presenting some evidence and advancing an IATC claim, Clark's state habeas attorney was not in fact ineffective. The State also argues that Clark's underlying IATC claim remains meritless even in light of additional evidence. Finally, according to the State, if Clark's claim is new, then he failed to file it within the statute of limitations period provided in 28 U.S.C. § 2244(d).

If Clark is correct that his IATC claim is new, the result would be that Clark would now present a claim to the district court which would not have been adjudicated on the merits in state court; instead, the new claim would be one that had been procedurally defaulted.[18] The *Martinez/Trevino* exception could apply to excuse the default of such a claim, because it was arguably caused by the ineffectiveness of Clark's state habeas counsel.[19] Additionally, *Pinholster* might not apply to prevent the admission of new evidence because this new claim was never adjudicated on the merits in state court, thus rendering § 2254(d) inapplicable.[20] Finally, although Clark would be asserting his new claim more than one year after the latest of any of the dates specified in § 2244(d)(1), equitable tolling might apply to excuse the delay.[21]

---

[18] *See Ex parte Clark*, No. WR-55,996-02, 2014 WL 1910597, at *1 (Tex. Crim. App. May 7, 2014) (per curiam) (not designated for publication) (denying Clark's claim "as an abuse of the writ without considering the merits of the claim").

[19] *See Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.").

[20] *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 (2011) ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.").

[21] *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that § 2244(d) is subject to equitable tolling if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))).

No. 14-70034

We conclude that reasonable jurists could debate whether Clark's federal habeas proceeding was defective, either because the counsel the federal district court appointed to represent Clark labored under a conflict of interest, or because Henry's failure to argue his own ineffectiveness as state habeas counsel is sufficient to satisfy Rule 60(b) even though it is an "omission." We further conclude that reasonable jurists could debate whether Clark is likely to succeed in introducing new evidence if his Rule 60(b) motion is granted.

### III

A motion under Rule 60(b)(6) must be made "within a reasonable time,"[22] "unless good cause can be shown for the delay."[23] Reasonableness turns on the "facts and circumstances of the case."[24] The court considers "whether the party opposing the motion has been prejudiced by the delay in seeking relief and . . . whether the moving party had some good reason for his failure to take appropriate action sooner."[25] We measure the timeliness of the motion "as of the point in time when the moving party ha[d] grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment."[26]

---

[22] FED. R. CIV. P. 60(c)(1).

[23] *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 255, 257-58 (5th Cir. 1985)).

[24] *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994) (citing *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992)); *see also Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam) ("What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.").

[25] *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976) (quoting 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2866).

[26] *First RepublicBank*, 958 F.2d at 120.

No. 14-70034

Here, the change in decisional law provides the starting point for calculating timeliness.[27]  The appropriate date is that on which *Trevino* was issued, which is May 28, 2013.  Clark's Rule 60(b) motion was filed on September 19, 2014, meaning that the motion was filed almost sixteen months after *Trevino* issued.  Clark argues that the petition was nonetheless timely, because (1) the three-month period during which his 2014 state habeas petition was pending is analogous to AEDPA's statutory tolling period and thus should not count against him; (2) his appointed counsel in state court was limited by statute from representing him in federal court; and (3) his underlying claim— a *Wiggins*[28] ineffective assistance of counsel claim based on the failure to investigate and present mitigation evidence—required time to prepare, such that the time spent preparing should not all count against him.

These arguments are questionable, because (1) AEDPA's statutory tolling period does not expressly apply to a Rule 60(b) motion, and Clark could have made concurrent filings in state and federal court and sought a stay of the federal petition while he exhausted his state court remedies; (2) the state court might have been able to obtain another attorney to file a concurrent Rule 60(b) motion in federal court; and (3) Clark relied on largely the same evidence in state and federal court, suggesting that the months federal counsel spent preparing the motion should be counted against Clark.

We conclude that in light of these arguments, and because this court has not established a bright-line rule for when a Rule 60(b)(6) motion is filed within a reasonable time, jurists of reason could debate whether Clark's delay could be discounted to a period of sufficiently short duration such that it was not untimely.

---

[27] *See Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) (per curiam).

[28] *Wiggins v. Smith*, 539 U.S. 510 (2003).

No. 14-70034

\*     \*     \*

In light of the foregoing, Clark's application for a certificate of appealability is GRANTED on all issues, namely whether the district court abused its discretion when denying Clark's Rule 60(b) motion for (1) being untimely and (2) failing to present extraordinary circumstances.  Clark has thirty days to submit any additionally briefing; the State will have thirty days to respond; Clark will have two weeks to reply.