# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2018

Lyle W. Cayce
Clerk

No. 17-30322
Summary Calendar

RALPH JONES,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:97-CV-3852

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Ralph Jones, Louisiana state prisoner # 294536, was convicted of first-degree murder and was sentenced to life in prison. In 1998, his 28 U.S.C. § 2254 application challenging his conviction was denied as untimely. Some 17 years later, Jones filed a Federal Rule of Civil Procedure 60(b) motion, arguing that he was entitled to equitable tolling of the one-year limitations period of 28 U.S.C. § 2244(d) and sought to reopen his habeas proceedings

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30322

because his counsel at the time was laboring under a conflict of interest stemming from a medical condition, which prevented counsel from timely filing the § 2254 application. The district court determined that Jones's Rule 60(b) motion was not filed within a reasonable time after the dismissal of his § 2254 application but granted Jones a certificate of appealability to appeal the issue.

The denial of a Rule 60(b) motion on the basis that the motion was not filed within a reasonable time is reviewed on appeal under the highly deferential abuse of discretion standard. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992) (internal citation omitted). "What constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question." *Id.*

Although Jones insists that his Rule 60(b) motion was filed within a reasonable time following the Supreme Court's decision in *Christeson v. Roper*, 135 S. Ct. 891 (2015), the district court determined that *Christeson* was inapposite, and we agree. On the facts of this case, we see no abuse of discretion in the district court's finding that the Rule 60(b) motion was not filed within a reasonable time. Accordingly, the judgment of the district court is AFFIRMED.