# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2022

Lyle W. Cayce
Clerk

No. 21-30176
Summary Calendar

---

Dean E. Gilbert,

*Plaintiff—Appellant*,

*versus*

Thomas J. Cortazzo, individually, and as counsel for the Succession of Bernadette Gaines Gilbert; Darryl M. Gilbert, individually, and as an heir to the Succession of Bernadette Gaines Gilbert; Dwight A. Gilbert, individually, and in his capacity as Administrator for the Succession of Bernadette Gaines Gilbert; Debra Dave, an agent to the Succession of Bernadette Gaines Gilbert; Sidney H. Cates, IV, individually, and in his capacity as Judge of the Orleans Parish Civil District Court,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-3428

---

Before Clement, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:*

This case is the fifth lawsuit brought by Dean Gilbert ("Gilbert") concerning the succession proceedings of Bernadette Gaines Gilbert, Gilbert's mother. After the case was removed to the United States District Court for the Eastern District of Louisiana, Gilbert filed separate motions to disqualify district court Judge Vitter and Magistrate Judge Roby from presiding over his case. Gilbert alleged that both judges were biased against him. Judge Vitter denied the motion against her and then remanded the case to state court, finding a lack of federal jurisdiction. No judgment was entered on the motion to disqualify Magistrate Judge Roby. Gilbert now appeals, arguing that the district court abused its discretion in: (1) denying his motion to disqualify Judge Vitter; and (2) "precluding" a response to his motion to disqualify Magistrate Judge Roby. We disagree and affirm the district court.

First, we consider the district court's denial of Gilbert's motion to disqualify Judge Vitter. We review the denial of a motion to disqualify for abuse of discretion. *See Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999). Pursuant to 28 U.S.C. § 455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See also* 28 U.S.C. § 144 (proscribing procedure for bias or prejudice challenges). When considering accusations of bias, "[t]he Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Williams v. Pennsylvania*, 579 U.S. 1, 9 (2016) (cleaned up) (quoting *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 881

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(2009)).  We find the record devoid of any facts that would, as an objective matter, suggest bias.

That leaves only the motion to disqualify Magistrate Judge Roby remaining.  "The courts of appeals . . . have jurisdiction of appeals from all final decisions of the district courts of the United States."  28 U.S.C. § 1291. Absent a final decision—i.e., a judgment or an order, *see* Fed. R. App. P. 4(a)(7)—we lack jurisdiction.  *See First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992).  The district court did not enter judgment on Gilbert's motion to disqualify Magistrate Judge Roby; thus, we cannot consider Gilbert's appeal on that front.

Affirmed.