# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-70026

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2015

Lyle W. Cayce
Clerk

TERRY DARNELL EDWARDS,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-6

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit
Judges.

PER CURIAM:*

Terry Darnell Edwards (Edwards), a Texas state prisoner on death row,
requests a certificate of appealability (COA) to challenge the district court's
denial of federal habeas relief on his claim that he was denied the right to trial
by an impartial jury. The district court dismissed this claim as procedurally

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-70026

barred and, alternatively, without merit. For the reasons stated herein, we DENY Edwards's application for a COA.

I.

In November 2003, Edwards was convicted of capital murder and sentenced to death for the murder of a restaurant worker in connection with an armed robbery. The Texas Court of Criminal Appeals (TCCA) affirmed his sentence and conviction on direct appeal. *See Edwards v. State*, No. AP-74,844, 2006 WL 475783, at *1 (Tex. Crim. App. 2006) (unpublished). Subsequently, Edwards sought post-conviction relief from the trial court, which adopted the State's proposed findings of fact and conclusions of law recommending that relief be denied. *Ex parte Edwards*, No. WR-73027-01, 2009 WL 4932198, at *1 (Tex. Crim. App. 2009) (unpublished). The TCCA affirmed. *See id.*

Edwards then moved for federal habeas relief in the Northern District of Texas. Edwards asserted six grounds for relief. The district court denied habeas relief on all grounds and denied a COA. *Edwards v. Stephens*, No. 3:10-CV-6, 2014 WL 3880437, at *15 (N.D. Tex. Aug. 6, 2014). Edwards now seeks a COA on one ground: whether the trial court's denial of his motion to quash a panel of venirepersons violated his right to an impartial jury under the Sixth and Fourteenth Amendments.

II.

A.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner must first obtain a COA before he may appeal the district court's denial of habeas relief. *See* 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Where, as here, the district court denies a COA, we only have jurisdiction to determine whether a COA should issue, not the ultimate merits of his claim. *Ward v. Stephens*, 777 F.3d 250, 255 (5th Cir. 2015).

No. 14-70026

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies habeas relief on procedural grounds, an applicant can satisfy this standard by showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Id.* at 485. "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* Because reasonable jurists would not debate that the petition fails to state a valid claim of the denial of a constitutional right, we deny a COA on this ground.

B.

Edwards contends that the trial court violated his Sixth and Fourteenth Amendment right to be tried by an impartial jury by denying his motion to quash a panel of venirepersons that received an allegedly improper jury instruction. Edwards argues that the trial court erroneously denied his challenge for cause to one prospective juror, which caused him to use a peremptory strike that he could have used on another juror who ultimately sat on the jury.

Edwards asserts that during voir dire, the trial court improperly instructed three venire members, Redden, Caplinger, and Warrick, on the definition of mitigating evidence. Edwards's counsel objected to this instruction and moved to have the three venire members disqualified. The objection was overruled. Caplinger and Warrick were dismissed per the parties' agreement but Edwards used a peremptory strike to dismiss Redden.

3

No. 14-70026

The record reveals that the trial court subsequently granted Edwards an additional peremptory strike.

On direct appeal, Edwards argued that he was harmed by the trial court's improper instruction because he was forced to use a peremptory challenge to strike Redden that he could have used on a different venire member. *Edwards*, 2006 WL 475783, at *2. The TCCA rejected this argument, concluding that "because the record reflects that appellant received an extra peremptory challenge in addition to the fifteen he was granted by statute, appellant cannot demonstrate here that he suffered a detriment from the loss of the strike he used on Redden." *Id.* (citation omitted).

Relying on this language, the federal district court found that the TCCA denied Edwards relief on independent and adequate state law grounds and dismissed this claim as procedurally barred. *Edwards*, 2014 WL 3880437, at *6. Specifically, the district court determined that under Texas's five-step harm analysis, Edwards failed "to preserve error following the trial court's grant of an additional peremptory strike in accordance with state procedural requirements."[1] *Id.* The district court alternatively denied this claim on the merits, concluding, *inter alia*, that because Redden did not sit on the jury, Edwards did not have a constitutional claim. *Id.* at *7 (relying on *Ross v. Oklahoma*, 487 U.S. 81 (1988)).

"It is well settled that the Sixth and Fourteenth Amendments guarantee a defendant on trial for his life the right to an impartial jury." *Ross*, 487 U.S.

---

[1] To show harm for an erroneous denial of a challenge for cause, a petitioner must demonstrate on the record that: "1) he asserted a clear and specific challenge for cause; 2) he used a peremptory challenge on the complained-of venireperson; 3) all his peremptory challenges were exhausted; 4) his request for additional strikes was denied; and 5) an objectionable juror sat on the jury." *Sells v. State*, 121 S.W.3d 748, 758 (Tex. Crim. App. 2003) (en banc). The district court further observed that Edwards could not satisfy this standard because he did not challenge Redden for cause. *Edwards*, 2014 WL 3880437, at *6 n.4.

at 85. However, the forced use of a peremptory challenge does not rise to the level of a constitutional violation. *Id.* at 88. Instead, "a district court's erroneous refusal to grant a defendant's challenge for cause is only grounds for reversal if the defendant establishes that the jury which actually sat to decide his guilt or innocence was not impartial." *United States v. Snarr*, 704 F.3d 368, 386 (5th Cir. 2013) (internal quotation marks, citation, and alteration omitted); *see also Jones v. Dretke*, 375 F.3d 352, 355 (5th Cir. 2004) ("As a general rule, a trial court's erroneous venire rulings do not constitute reversible constitutional error so long as the jury that sits is impartial." (internal quotation marks and citation omitted)).

Assuming, *arguendo*, that Redden should have been dismissed for cause, Edwards cannot establish a constitutional violation because he used a peremptory strike to exclude Redden from the jury that ultimately sat. *See Ross*, 487 U.S. at 85–88. Therefore, "[a]ny claim that the jury was not impartial, . . . must focus not on [Redden], but on the jurors who ultimately sat." *Id.* at 86. Edwards attempts to follow *Ross*'s direction by focusing our attention on Sims, an allegedly biased juror whose jury service purportedly rendered the sentencing jury impartial. Yet, Edwards acknowledged to the district court that his challenge to Sims's jury service was unexhausted.[2] *See Edwards*, 2014 WL 3880437, at *8 n.8. The district court agreed, independently finding that any claim challenging Sims's jury service was unexhausted and therefore procedurally barred.[3] *Id.* at *8. The district court

---

[2] Edwards moved to stay and abate the proceedings in the district court in order to exhaust claims involving Sims and another allegedly unacceptable juror, Hernandez. The magistrate judge recommended that the motion be denied for failure to show good cause or potential merit. The district court accepted the magistrate's recommendation without objection from Edwards or the State. Edwards has neither challenged this finding of the district court nor Hernandez's jury service in his COA application.

[3] Indeed, Edwards made only the following passing reference to Sims's jury service before the TCCA: "The defense was forced to expend a peremptory strike on Mr. Redden,

No. 14-70026

alternatively found that Edwards's challenge to Sims was without merit. *Id.* at \*9. Edwards has not challenged these findings in his application for a COA. Accordingly, he has waived any challenge to Sims's jury service.[4] *See Blue v. Thaler*, 665 F.3d 647, 662 (5th Cir. 2011).

Because Redden did not sit on the jury and Edwards has waived any challenge to Sims's jury service, Edwards cannot establish that he was sentenced by an impartial jury. *See Ross*, 487 U.S. at 85–88. We therefore conclude that reasonable jurists would not debate the district court's procedural ruling because Edwards's petition fails to state a valid claim of the denial of a constitutional right. *See Slack*, 529 U.S. at 484.

### III.

For the reasons stated herein, we DENY Edwards's application for a COA.

---

which could have been used on . . . Bobby Jack Sims, who was an unacceptable juror to the defense and upon whom they used their last peremptory strike."

[4] Even if Edwards had preserved his challenge to Sims's jury service, his failure to include in his brief any argument supporting his contention that Sims was a biased juror further warrants waiver under Federal Rule of Appellate Procedure 28(a)(8). *See Berkley v. Quarterman*, 310 F. App'x 665, 668 (5th Cir. 2009).