# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 17-10066

————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 25, 2017

Lyle W. Cayce
Clerk

In re:  TERRY DARNELL EDWARDS,

       Movant,

\----------------------------------------------------

CONSOLIDATED WITH 17-70003

TERRY DARNELL EDWARDS,

       Petitioner – Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

       Respondent – Appellee.

————————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-6

————————

Before ELROD, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

      Terry D. Edwards, a Texas state prisoner on death row who is scheduled
for execution on January 26, 2017, filed a Rule 60(b) motion and requests for

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-10066
Cons. w/ No. 17-70003

stays of execution in federal district court. The district court concluded that Edwards's Rule 60(b)(6) motion constituted a second-or-successive habeas petition because it sought to advance new claims and so it transferred Edwards's motion and the requests to stay his execution to this court. On the narrow issue of whether the alleged abandonment of Edwards by his federally appointed habeas counsel constitutes a defect in the integrity of the original habeas proceedings that may authorize Rule 60(b) relief, the district court concluded that Rule 60(b) relief was not warranted, but granted a COA on this issue. Edwards appealed the district court's ruling, and filed a request for a stay in this court. Because we conclude that Edwards's Rule 60(b) motion is a successive habeas claim and that alternatively he is not entitled to Rule 60(b) relief, we DENY the Rule 60(b) motion and therefore also DENY Edwards's requests for a stay of execution.

## I.

In November 2003, Edwards was convicted of capital murder and sentenced to death for the murder of a restaurant worker in connection with an armed robbery. Another restaurant worker was also murdered during the course of the robbery. Edwards had previously worked at the restaurant. Edwards filed a direct appeal with the Texas Court of Criminal Appeals, raising thirteen points of error. *Edwards v. State,* No. AP-74,844, 2006 WL 475783, at *1 (Tex. Crim. App. 2006). Among other things, Edwards challenged: (1) the factual and legal sufficiency of the evidence supporting the jury's finding that he was a continuing threat to society; (2) the denial of his motion to quash a panel of three prospective jurors whom Edwards alleged were incorrectly instructed regarding mitigating evidence; (3) the trial court's granting of the State's challenges to two venire members based on their alleged biases; (4) the trial court's refusal to instruct the jury that it could consider

2

No. 17-10066
Cons. w/ No. 17-70003

that Edwards would not be eligible for parole for at least forty years if given a life sentence in the context of determining if he was an ongoing danger; (5) the constitutionality of the death penalty in light of Texas law not requiring the State to prove the absence of sufficient mitigating circumstances beyond a reasonable doubt; (6) the constitutionality of the death penalty on various other grounds; and (7) the constitutionality of his conviction and sentence based on the cumulative effect of the other errors he asserted. *Id.* at \*1–4. The Court of Criminal Appeals rejected each of these claims. *Id.* at \*4.

Edwards then filed a state habeas application, asserting six challenges to the validity of his conviction and sentence. *See Ex parte Edwards*, No. WR-73027-01, 2009 WL 4932198, at \*1 (Tex. Crim. App. 2009). The state trial court denied relief, as did the Texas Court of Criminal Appeals. *Id.*

Next, Edwards filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Texas. *See Edwards v. Stephens*, No. 3:10-cv-6-M, 2014 WL 3880437 (N.D. Tex. Aug. 6, 2014). In his petition, Edwards asserted six grounds for relief: (1) that he was deprived of a fair and impartial jury when the trial court denied his motion to quash a panel of venire persons who had allegedly been incorrectly instructed regarding mitigating evidence; (2) that he was deprived of a fair and impartial jury when the state trial court granted the State's challenge to a prospective juror; (3) that he was deprived of a fair and impartial jury when the state trial court granted the State's for-cause strike of another prospective juror; (4) that his trial counsel was constitutionally ineffective when he failed to challenge the Dallas County venire selection process as violating Edwards's right to a jury composed of a cross-section of the community; (5) that he was deprived of a fair and impartial jury when the trial court denied his for-cause challenges of two prospective jurors; and (6) that his trial counsel was constitutionally ineffective

3

No. 17-10066
Cons. w/ No. 17-70003

by failing to raise on direct appeal claims regarding the trial court's denial of Edwards's for-cause challenges to the two prospective jurors. *Id.* at *1–2.

The district court denied all of these claims, and further denied Edwards a certificate of appealability (COA). *Id.* at *15.

Edwards appealed the district court's denial of a COA to this court, but only as to his argument that the trial court's denial of his motion to quash a panel of venire persons violated his right to an impartial jury under the Sixth and Fourteenth Amendments because those persons had allegedly been given an improper jury instruction. *See Edwards v. Stephens*, 612 F. App'x 719, 720 (5th Cir. 2015). This court denied Edwards's application for a COA. *Id.* at 723. Edwards then filed a petition for a writ of certiorari with the Supreme Court of the United States, challenging the denial of a COA, which was denied. *Edwards v. Stephens*, 136 S. Ct. 403 (2015).

On January 10, 2017, Edwards filed in the district court a Rule 60(b) motion to alter or amend the judgment denying his habeas petition, along with a request to stay his execution. Transfer Order; No. 3:10-CV-6-M, N.D. Tex., Jan. 19, 2017. The district court determined that Edwards's motion sought to advance new claims, making it a successive petition for which it lacked jurisdiction. The district court transferred the successive application for habeas relief with Edwards's applications to stay his execution to this court on January 19, 2017. In the same order, the district court also concluded that Rule 60(b) relief was not warranted on Edwards's claim that he was effectively abandoned by his federal habeas counsel, but it granted a COA on this issue.

On January 18, 2017, Edwards filed a motion for stay of execution and a subsequent application for a writ of habeas corpus in state court. *See Ex parte Edwards*, No. WR-73, 027-02 (Tex. Crim. App. Jan. 24, 2017). In that application, he argued that: (1) his conviction was based on false, misleading,

4

No. 17-10066
Cons. w/ No. 17-70003

and scientifically invalid testimony; (2) the decision in *Ex parte Graves*, 70 S.W.3d 103 (Tex. Crim. App. 2002), should be overruled so that he could present otherwise forfeited claims; and (3) the State suppressed material, exculpatory evidence that would undermine the confidence of the outcome of his trial.  On January 24, the Texas Court of Criminal Appeals dismissed the application as an abuse of the writ and denied Edwards's motion for a stay of execution.  *See Ex parte Edwards*, No. WR-73, 027-02.

## II.

### A.

We review a district court's determination as to whether a Rule 60(b) motion constitutes a second-or-successive habeas petition *de novo*.  *In re Jasper*, 559 F. App'x 366, 370 (5th Cir. 2014) (citing *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009)).

In reviewing the district court's determinations to grant or deny relief under Rule 60(b), we will reverse only for an abuse of discretion.  *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014).  "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  *Hesling v. CSX Trans., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).  It "is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion."  *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013).

### B.

### 1.

We first address whether Edwards's Rule 60(b) motion seeks to advance new claims or seeks instead to show a non-merits-based defect in the district court's earlier decision on the federal habeas petition.  Federal habeas review

No. 17-10066
Cons. w/ No. 17-70003

is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA limits the circumstances under which a state prisoner may file a successive application for federal habeas review. A petition is successive when it "raises a claim . . . that was or could have been raised in an earlier petition . . . ." *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under AEDPA, a claim presented in a second or successive application under 28 U.S.C. § 2254 must be dismissed unless the following criteria are satisfied:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Federal Rule of Civil Procedure 60(b)(6) is a catchall provision that allows a court to grant relief "from a final judgment, order, or proceeding" for "any other reason that justifies relief." To succeed on a Rule 60(b) motion, the movant must show: (1) that the motion be made within a reasonable time; and (2) extraordinary circumstances exist that justify the reopening of a final judgment. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Because of the comparative leniency of Rule 60(b), petitioners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions. *See, e.g.*, *Gonzalez*, 545 U.S. at 531–32; *Jasper*, 559 F. App'x at 370. A federal court examining a Rule 60(b) motion should

determine whether it either: (1) presents a new habeas *claim* (an "asserted federal basis for relief from a state court's judgment of conviction"), or (2) "attacks the federal court's previous resolution of a claim *on the merits,*" *Gonzalez*, 545 U.S. at 530, 532. If the Rule 60(b) motion does either, then it should be treated as a second-or-successive habeas petition and subjected to AEDPA's limitation on such petitions. *See* 28 U.S.C. § 2244(b); *see also Gonzalez*, 545 U.S. at 531–32; *In re Sepulvado*, 707 F.3d 550, 552 (5th Cir. 2013). A federal court resolves the claim on the merits when it determines that there are or are not "grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)," as opposed to when a petitioner alleges "that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4. A Rule 60(b) motion based on "habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Clark v. Stephens*, 627 F. App'x 305, 308 (5th Cir. 2015) (quoting *Gonzalez*, 545 U.S. at 532 n.5).

By contrast, to bring a proper Rule 60(b) claim, a movant must show "a non-merits-based defect in the district court's earlier decision on the federal habeas petition." *Balentine v. Thaler,* 626 F.3d 842, 847 (5th Cir. 2010). Accordingly, if the Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," rather than the resolution on the merits, then the motion is not treated as a second-or-successive petition. *Gonzalez,* 545 U.S. at 532.

Edwards's briefing takes issue with the district court's assessment that he submitted additional claims that would constitute a successive petition. Curiously, however, he begins his brief with a litany of new claims—asserting

No. 17-10066
Cons. w/ No. 17-70003

a variety of problems with the entire case, from selecting the jury through the appeal to the Supreme Court.[1]  Because his brief tries to bring new claims under the guise of "defects in the integrity of the original habeas proceedings that may authorize Rule 60(b) relief," the district court did not err in transferring his Rule 60(b) motion to us.  *See In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014).  However, Edwards maintains that he was not actually trying to raise the new claims discussed in his briefs. In fact, he concedes that "to have raised such claims at this juncture would have been to have submitted a successive petition.  Thus Appellant did not submit such claims." *Appellant's Br.* at 32.  Because Edwards has stressed that he is not seeking to advance any of these claims, and is also not requesting to file a successive habeas petition, we do not need to further address these new claims, but confine our discussion to his claims under Rule 60(b) regarding the alleged abandonment of counsel due to an alleged conflict.

**2.**

Turning to the issue of the alleged abandonment of his habeas counsel, the district court was correct that this claim is also a successive claim. The Rule 60(b) motion seeks to re-open the proceedings for the purpose of adding new claims. This is the definition of a successive claim. Indeed, it is extraordinarily difficult to bring a claim of procedural defect rather than a successive habeas claim, because

---

[1]Edwards dedicates 24 pages of his briefing to identifying alleged infirmities in the state trial proceedings. Only after this does he begin to make his case that he is not in fact asserting any new claims based on these alleged infirmities, and that the claim he is presenting arises from the allegedly ineffective assistance of his federal habeas counsel. The state argues, in the alternative, that if these were claims they would be "unmeritorious, unexhausted, procedurally defaulted, and time-barred." Because we take Edwards at his word that he is not attempting to advance these alleged infirmities as grounds for relief under Rule 60(b), we need not address them.

8

No. 17-10066
Cons. w/ No. 17-70003

> [p]rocedural defects are narrowly construed. They include fraud on
> the habeas court, as well as erroneous previous rulings which
> precluded a merits determination—for example, a denial for such
> reasons as failure to exhaust, procedural default, or statute-of
> limitations bar. They generally do not include an attack based on
> the movant's own conduct, or his habeas counsel's omissions,
> which do not go to the integrity of the proceedings, but in effect ask
> for a second chance to have the merits determined favorably.

*In re Coleman*, 787 F.3d at 371–72 (alterations omitted). Indeed, in *Coleman*, we held that arguments about counsel's failure to discover and present particular arguments sounded in substance, not in procedure. *Id.* at 372.

Even assuming *arguendo* that Edwards satisfies his burden and can show that this is not a successive claim, he has failed to meet his high burden under Rule 60(b). To succeed on a Rule 60(b) motion, the movant must show: (1) that the motion be made within a reasonable time; and (2) extraordinary circumstances exist that justify the reopening of a final judgment. *See Gonzalez*, 545 U.S. at 535. He has shown neither that his claim is timely nor that it arises from extraordinary circumstances.

Edwards claims he alleged "defects in the integrity of the original habeas proceedings that may authorize Rule 60(b) relief." He argues that he was effectively abandoned by counsel when the counsel developed a conflict because he became busy with a new full-time job, which created a defect in the integrity of the original habeas proceedings. Edwards argues that his federally appointed habeas counsel, Richard Wardroup, abandoned him, resulting in error that warrants granting the Rule 60(b) motion. Wardroup had been appointed as counsel to Edwards on January 11, 2010, and filed Edwards's habeas petition in federal court in December 2010. In March 2011, when Wardroup accepted a full-time job with the Texas Criminal Defense Lawyers Association (TCDLA), he focused on that work. Edwards now alleges that "Wardroup's full time position, about which he failed to notify the district court,

No. 17-10066
Cons. w/ No. 17-70003

constituted a conflict of interest that culminated in the abandonment of his client." *Appellant's Br.* at 34. Indeed, this later becomes the heart of Edwards's claim:

> The court further reasoned that because Edwards had failed to raise cognizable claims, it could not reopen judgment. The district court's basic assumption was wrong: Appellant's Motion to Reopen was premised on a defect in the proceedings, specifically Wardroup's conflict of interest vis-à-vis taking full-time employment in the midst of the case, leading him to abandon Appellant.

*Id.* at 44.

Even if Edwards were able to show that these claims are not successive, he has not shown extraordinary circumstances that would justify Rule 60(b) relief, either by showing a defect in the integrity of the proceedings or an actual conflict of interest between his state and federal habeas counsel. His argument that the alleged abandonment qualifies as either a defect in the integrity of the proceedings or as a conflict of interest fails.

Edwards's facts do not support his arguments. Wardroup was appointed as counsel on January 11, 2010, which gave him nearly a year to file Edwards's fifty-one page federal habeas petition. Wardroup accepted full-time employment and allegedly ceased working on Edwards's case four months *after* he had timely filed Edwards's habeas petition and the limitations period expired. *See Mem. Op.* at 9. Thus, to the extent that Wardroup "abandoned Edwards," it was after Wardroup had shepherded Edwards's federal habeas petition to court. Further, after he accepted this employment, Wardroup submitted a reply to Texas's response to Edwards's habeas submission, as well as a notice and full and timely briefing to us on his first COA request. It is difficult to see abandonment here, where Wardroup missed no deadlines and filed substantive arguments. *See, e.g., Wilkins v. Stephens*, 560 F. App'x 299,

10

304 (5th Cir. 2014) (holding no abandonment where, *inter alia*, counsel "never missed a filing deadline" and "filed a lengthy petition" on petitioner's behalf). Furthermore, Edwards has not alleged any conflict of interest between his state and federal habeas counsel.  Edwards has not provided, and we have not found, any authority for the proposition that Wardroup's job change months after filing Edwards's federal habeas petition nonetheless is the functional equivalent of abandonment when no later filing or hearing was missed.

The law that Edwards offers is no more helpful to his case.  Edwards relies on *Maples v. Thomas*, 132 S. Ct. 912 (2012) in support of his abandonment argument. Edwards's reliance on *Maples* is unavailing because it does not establish that abandonment by federal habeas counsel is a defect in the integrity of the proceedings for Rule 60(b) purposes. First, *Maples* was not a Rule 60(b) case. Moreover, the petitioner in *Maples* had not yet finished his initial federal proceedings. *See id.* at 917. Last, unlike here, *Maples* involved counsel who actually missed a filing deadline. *See id.* at 916–17. In essence, Edwards is asking us to equate the equitable tolling standards from *Maples* with the "extraordinary circumstances" standard for Rule 60(b) relief, but has provided no authority to do so.

Edwards also focuses heavily on *Clark*, an unpublished opinion in which both the petitioner's trial counsel and state habeas counsel did a paltry job investigating and presenting mitigating evidence. Importantly, Clark's state habeas counsel also represented him during his federal habeas proceedings. *Clark*, 627 F. App'x at 306. Clark's habeas counsel did obtain additional mitigating evidence for the federal habeas proceedings, but this court did not allow it under *Cullen v. Pinholster*, 563 U.S. 170 (2011).  Two weeks after this court affirmed the denial of Clark's habeas relief, the Supreme Court issued

11

*Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which held that ineffective assistance by state habeas counsel in an initial-review collateral proceeding may establish cause to overcome a procedural default of a claim of ineffective assistance of trial counsel. *Clark*, 627 F. App'x at 306. *Trevino* came down the next term and held that *Martinez* applied in Texas.

After additional state proceedings, Clark had new federal counsel appointed and filed a Rule 60(b) motion for relief from the district court's judgment denying habeas relief because "his previous counsel had a conflict of interest during federal habeas proceedings because he could not argue his own ineffectiveness to excuse a procedural default," which was relevant under the new *Martinez* and *Trevino* standards. *Clark*, 627 F. App'x at 307. This court concluded that "reasonable jurists could debate whether Clark's federal habeas proceeding was defective" for two reasons: either because the counsel the federal district court appointed to represent Clark labored under a conflict of interest, or because counsel's failure to argue his own ineffectiveness as state habeas counsel is sufficient to satisfy Rule 60(b) even though it is an "omission," and "that reasonable jurists could debate whether Clark is likely to succeed in introducing new evidence if his Rule 60(b) motion is granted." *Id.* at 309.

Edwards asks us to extend the reasoning of *Clark* to his case. The district court found that a reasonable jurist could differ as to whether Edwards's alleged abandonment by counsel "could be the sort of defect in the integrity of the federal habeas proceedings that could warrant Rule 60(b) relief" and granted a COA on it. *Mem. Op.* at 8. The district court correctly observed, however, that Edwards did not assert that his state trial and state habeas counsel had any involvement with each other and were not "in any way ethically prohibited from complaining of the ineffective assistance of any of his

No. 17-10066
Cons. w/ No. 17-70003

prior attorneys at any time," and that as a result, "he has not shown the type of conflict of interest presented in *Clark*." *Id.*

Edwards also attempts to argue that *Christeson v. Roper*, 135 S. Ct. 891 (2015), supports his claim for Rule 60(b) relief. But *Christeson* was not a Rule 60(b) case, nor is it factually on point. *Christeson* involved an actual conflict of interest and granted only the substitution of counsel. Indeed, *Christeson* cautioned that even if the petitioner there "might properly raise a claim for relief pursuant to Rule 60(b) . . . to obtain such relief he must demonstrate both the motion's timeliness and . . . extraordinary circumstances . . . ." *Christeson*, 135 S. Ct. at 895. As we have previously stated: "nothing in *Christeson* supports [the petitioner's] contention that his Rule 60(b) motion was filed within a reasonable time or that he has demonstrated the extraordinary circumstances required to reopen the judgment." *Pruett v. Stephens*, 608 F. App'x 182, 185 (5th Cir. 2015).[2]

Edwards discusses *Martinez* primarily as the legal background to *Clark*, and to try to argue that claims of ineffective assistance of counsel qualify for Rule 60(b) treatment, but he ignores important elements of that opinion. As a result, he fails to show either that *Martinez* gives him the ability to bring this claim or that he has suffered extraordinary circumstances that would justify Rule 60(b) relief. More fundamentally, procedural default is not the obstacle Edwards needs to overcome, so *Martinez* is not implicated.

To the extent that Edwards relies on a supposed constitutional right to the effective assistance of post-conviction counsel, he misunderstands

---

[2] Although Edwards relies heavily on *Mendoza v. Stephens*, 783 F.3d 203, 211 (5th Cir. 2015), to argue that a Rule 60(b) case should be reopened before determining whether reopening would affect the merits, *Mendoza* holds no such thing. *Mendoza* is not even a Rule 60(b) case. Moreover, Judge Owens's concurrence, to which Edwards cites, characterizes the limited nature of the remand in that case.

13

*Martinez.* We have explained that there is no Sixth Amendment right to post-conviction counsel, which includes habeas proceedings. "Because appointment of counsel on state habeas is not constitutionally required, any error committed by an attorney in such a proceeding cannot be constitutionally ineffective." *In re Sepulvado*, 707 F.3d at 554. Even if this were not the case, and Edwards enjoyed such a right, his claim still could not fall under the narrow exceptions created by *Martinez* and its Texas companion, *Trevino.* To show cause for procedural default under *Martinez* and *Trevino*, "the petitioner must show: (1) that his claim of ineffective assistance of counsel at trial is 'substantial' (i.e., 'has some merit'); and (2) that his habeas counsel was ineffective for failing to present those claims in his first state habeas application." *Beatty v. Stephens*, 759 F.3d 455, 465–66 (5th Cir. 2014). Here, Edwards has shown no conflict that prevents him from asserting his ineffectiveness of counsel claims, and he has not provided any meaningful explanation in his briefing as to the contents of such a claim.

Setting this aside, however, Edwards's claims still fail even if he had the procedural foundation he alleges. We have held that *Martinez* is "simply a change in decisional law" and is "not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)," so it is insufficient to grant further review or a stay of execution without a showing of a likelihood of success on the merits. *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012). Indeed, other petitioners have tried and failed to show that *Adams* does not control a Rule 60(b)(6) motion, but "*Martinez*, even in light of *Trevino*, does not create extraordinary circumstances warranting relief from final judgment." *Diaz*, 731 F.3d at 379; *see also Gonzalez*, 545 U.S. at 535 (requiring showings of timeliness and extraordinary circumstances to succeed on Rule 60(b)).

No. 17-10066
Cons. w/ No. 17-70003

To the extent that Edwards argues that his counsel was ineffective for not filing anything when *Trevino* was decided, this argument also fails. *Trevino*, like *Martinez*, was simply a change in decisional law: it did not create an extraordinary circumstance and thus could not have created a basis for Edwards to re-open his proceedings as he now wishes to do. *Diaz*, 731 F.3d at 379. Thus, if *Trevino* itself was not an extraordinary change in law, the failure to notify the court or to take any action on it cannot constitute ineffective assistance of counsel sufficient to constitute an extraordinary circumstance.

In sum, Edwards's ineffectiveness claim is successive. Even if it was not, the facts do not support either the argument that Edwards was abandoned by counsel or that there was a conflict with state habeas counsel, and he has not pointed to authority that would support granting a Rule 60(b) motion under these circumstances.[3] Accordingly, Edwards has not met his high burden to demonstrate extraordinary circumstances that would warrant relief under Rule 60(b).

**3.**

Alternatively, even if Edwards's claims were not successive and if he had established extraordinary circumstances, he has failed to satisfy the timeliness requirement. Under Rule 60(c)(1), any "motion under Rule 60(b) must be made within a reasonable time," unless good cause can be shown for the delay. *In re Osborne,* 379 F.3d 277, 283 (5th Cir. 2004). "Good cause" for a reasonable delay must be "evaluated on a case-by-case basis." *Id.* "The timeliness of the motion is measured as of the point in time when the moving party has grounds to make

---

[3] Edwards cites to *Battaglia v. Stephens*, 824 F.3d 470 (5th Cir. 2016) and *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076 (5th Cir. 1984) in support of his argument. Neither supports his position. In *Battaglia*, the federal habeas counsel expressly disclaimed being Battaglia's lawyer during his competency hearing in state court. *See* 824 F.3d at 474. And in *Crutcher*, this court affirmed the denied of a Rule 60(b) motion. 746 F.2d at 1081–84.

such a motion, regardless of the time that has elapsed since the entry of judgment." *First RepublicBank Fort Worth v. Norglass, Inc.,* 958 F.2d 117, 120 (5th Cir. 1992). Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though "the determination of reasonableness is less than a scientific exercise." *Id.* at 121. "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless." *Pryor v. U.S. Postal Serv.,* 769 F.2d 281, 288 (5th Cir. 1985).

Here, any error in the integrity of the proceedings or the conflict with counsel, occurred—and was obvious—prior to the June 25, 2015 order from this court granting the motion to substitute counsel Don Vernay for Wardroup. Wardroup had been appointed as counsel to Edwards on January 11, 2010. If he was ineffective, Edwards had five and a half years to say so. Even assuming *arguendo* that Edwards could not have brought a claim for the abandonment of counsel until after he had obtained his current counsel who filed this motion in district court, the Rule 60(b) motion would still be untimely. That counsel began representing him on June 4, 2016, and since then Edwards has received two modifications of his execution date. In September 2015, Edwards's execution was stayed until January 26. Still, he waited until January 10, the eve of the execution, to reopen this appeal. On any timetable, Edwards has failed to meet the "timeliness" requirement under Rule 60(b).

**\* \* \* \* \***

Accordingly, because Edwards's motion is successive, and in any event because he failed to meet his burden to show timeliness and extraordinary circumstances under Rule 60(b), we DENY his Rule 60(b) motion.

No. 17-10066
Cons. w/ No. 17-70003

### III.

Edwards requests that we stay his execution.  In determining whether to issue a stay of execution pending appeal, we consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Diaz*, 731 F.3d at 379; *In re Paredes*, 587 F. App'x 805, 826 (5th Cir. 2014).

We conclude that a stay of execution is not justified for at least two reasons. First, Edwards's motion for a stay of execution depends on the availability of Rule 60(b) relief in his case.  *See, e.g.*, *Diaz*, 731 F.3d at 379.  Because we have rejected this vehicle to reopen the final judgment, Edwards has not "made a strong showing that he is likely to succeed on the merits" of his Rule 60(b) claim.  *Id.*  Second, Edwards "delayed too long before bringing [his Rule 60(b)] claim before the court."  *In re Paredes*, 587 F. App'x at 826.  Edwards's Rule 60(b) motion seeks to reopen a judgment entered on August 6, 2014.  This court granted a motion substituting Edwards's allegedly ineffective counsel for his subsequent counsel on June 25, 2015.  Later, after Edwards's current counsel was appointed, he twice sought and obtained modifications of his execution date, first from May 11, 2016, to October 19, 2016, and then again to January 26, 2017. *See* 5th Cir. No. 14-70026.  Nonetheless, Edwards did not file his Rule 60(b) motion until January 10, 2017. *See* No. 3:10-cv-6-M-BH, ECF 91.  In light of the State's "significant interest in enforcing its criminal judgment," there is a "strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *In re Paredes*, 587 F. App'x at 826 (quoting *Nelson v. Campbell*, 541 U.S. 637, 650 (2004)); *see also Barefoot*

17

No. 17-10066
Cons. w/ No. 17-70003

*v. Estelle*, 463 U.S. 880, 889 (1983). Accordingly, we DENY Edwards's requests for a stay of execution.

## IV.

Because we conclude that Edwards's Rule 60(b) motion is a procedurally barred successive petition, and alternatively because Edwards has not demonstrated extraordinary circumstances necessary to obtain Rule 60(b) relief, nor satisfied the Rule 60(b) timeliness requirement, we DENY Edwards's Rule 60(b) motion and DENY his requests for a stay of execution.