# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11546

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2018

Lyle W. Cayce
Clerk

In re: JOSEPH C. GARCIA,

Movant.

Motion for an Order Authorizing the
United States District Court for the Northern District of Texas
USDC No. 3:06-CV-2185

Before DENNIS, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Joseph Garcia was sentenced to death by a Texas jury and is scheduled for execution on December 4, 2018. The Texas Court of Criminal Appeals (CCA) upheld his conviction and death sentence on direct appeal, *Garcia v. State*, No. AP-74692, 2005 WL 395433, at *1 (Tex. Crim. App. Feb. 16, 2005), and his initial state habeas application was denied, *Ex parte Garcia*, No. WR-64,582-01, 2006 WL 3308744, at *1 (Tex. Crim. App. Nov. 15, 2006). In 2006, Garcia then filed an application for federal habeas relief under 28 U.S.C. § 2254 in the Northern District of Texas, which the district court denied. *See Garcia v. Davis*, 704 F. App'x 316, 319 (5th Cir. 2017); *Garcia v. Stephens*, No. 3:06-CV-2185, 2015 WL 6561274, at *1–9 (N.D. Tex. Oct. 29, 2015) (order

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11546

amending findings in part).  We denied a certificate of appealability (COA).[1] *Garcia*, 704 F. App'x at 319.

On November 30, 2018, Garcia filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) in his 2006 federal habeas proceeding, challenging the competency of his prior federal habeas counsel.[2] Pursuant to this motion, Garcia also moved for a stay of his execution.  The district court construed Garcia's motion as an unauthorized successive 28 U.S.C. § 2254 application, transferred the matter to this court, and denied a stay.  It also held in the alternative that Garcia had not demonstrated entitlement to Rule 60(b) relief and denied a COA.  Garcia now appeals the district court's transfer order and moves in this court for remand to the district court and a stay of his execution.  We construe Garcia's motion to remand as an appeal of the district court's transfer order, as it seeks review of the propriety of that order's determination that the motion was a successive petition.  He also requests a COA on the district court's Rule 60(b) rulings.

I.

Because the district court correctly determined that Garcia's Rule 60(b) motion was a successive petition and that the motion raised no cognizable grounds for authorization of a successive petition, we affirm the district court's

---

[1] Garcia also sought relief in a subsequent application for writ of habeas corpus in Texas state court, which the CCA dismissed on November 30, 2018.  *Ex parte Garcia*, No. 64,582-03 (Tex. Crim. App. Nov. 30, 2018).

[2] Garcia previously brought two actions under 42 U.S.C. § 1983 challenging the constitutionality of his clemency proceedings and his lethal injection protocol.  We affirmed the dismissal and denial of a stay of execution in his challenge to his clemency proceedings, and affirmed the denial of a preliminary injunction in his challenge to his lethal injection protocol.  *See Garcia v. Jones*, No. 18-70031 (5th Cir. Dec. 2, 2018); *Garcia v. Collier*, No. 18-70032 (5th Cir. Dec. 2, 2018).  We denied a stay of execution in each case.  *Id.*

transfer order, deny Garcia authorization to file a successive habeas petition, and deny his motion for stay of execution.

In order to proceed with a successive application for habeas relief under § 2254, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A Rule 60(b) motion is properly construed as a successive habeas petition where it "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). In contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the Rule 60(b) motion should not be construed as a successive habeas petition. *Id.*; *see Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (holding that if "(1) the [Rule 60(b)] motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination," it should not be construed as a successive habeas petition).

Garcia contends that his motion is not a successive petition under *Gonzalez* because "there was a defect in the integrity of his federal habeas proceedings that justifies reopening this Court's judgment and giving him the opportunity to litigate his federal habeas claims with competent counsel." We review the district court's determination on this point de novo. *In re Edwards*, 865 F.3d 197, 202–03 (5th Cir. 2017). As the Supreme Court noted in *Gonzalez*, "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." 545 U.S. at 532 n.5. Here, Garcia asserts that his federal habeas counsel failed to

investigate certain mitigation evidence, to retain an expert in trauma to evaluate this mitigation evidence, to investigate the propriety of Garcia's prior conviction for first-degree murder, and to investigate the conditions of the prison facilities from which he escaped.  Garcia's assertions are based on "his habeas counsel's omissions," rather than "a defect in the integrity of his federal habeas proceedings." *Id.* at 532 & n.5.  Accordingly, the district court properly concluded that Garcia's motion constituted a successive § 2254 application and did not err in transferring the motion to this court.  *See* 28 U.S.C. § 2244(b)(3)(A).

We next consider whether Garcia is entitled to authorization to file his successive petition.  We conclude he is not.  To obtain authorization to file a successive § 2254 petition, the movant must demonstrate that the claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that the facts, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," 28 U.S.C. § 2244(b)(2)(B).

Garcia cannot satisfy either of these exceptions.  As to the first basis on which we may grant authorization—the existence of a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"—Garcia recognizes in his Rule 60(b) motion that "the Supreme Court has yet to recognize a constitutional right to the effective assistance of counsel in federal habeas corpus proceedings."  As to the second exception, Garcia's claim that federal habeas counsel was ineffective by not

investigating further mitigating evidence that could have been brought at the punishment phase of his trial does not, by its nature, affect whether a "reasonable factfinder would have found [Garcia] *guilty of the underlying offense.*" 28 U.S.C. § 2244(b)(2) (emphasis added); *see also In re Rodriguez*, 885 F.3d 915, 918 (5th Cir. 2018) (describing "Section 2244(b)(2)(B)(ii) as a strict form of innocence, roughly equivalent to the Supreme Court's definition of innocence or manifest miscarriage of justice" (cleaned up)). Accordingly, there is no basis on which we may allow Garcia to proceed with his successive habeas petition.

## II.

Ruling in the alternative, the district court denied Garcia's Rule 60(b) motion because (1) he did not file it within a reasonable time; and (2) he failed to demonstrate extraordinary circumstances. We agree, and accordingly DENY Garcia a COA on this issue.

To succeed on a Rule 60(b) motion, the movant must show: (1) that the motion was made within a reasonable time; and (2) that extraordinary circumstances exist that justify the reopening of a final judgment. *Edwards*, 865 F.3d at 203. A district court's decision to grant or deny relief under Rule 60(b) is reviewed for abuse of discretion. *Id.*. In making this determination, a district court only abuses its discretion if it "bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Hesling v. CSX Trans., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)).

## A.

We agree with the district court's decision to deny Garcia's Rule 60(b) motion as untimely. A Rule 60(b) motion must be made within a reasonable time unless good cause can be shown for the delay. Fed. R. Civ. P. 60(c)(1); *Edwards*, 865 F.3d at 208. Good cause is evaluated on a case-by-case basis,

and the timeliness of the motion is measured from the point at which the movant has grounds to make the motion, regardless of the time that has elapsed since judgment was entered. *Id.* "Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *Id.* (quoting *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 121 (5th Cir. 1992)).

Here, any ineffectiveness by Garcia's prior federal habeas counsel occurred before the district court's order substituting Garcia's present counsel in their place on November 23, 2015. Although Garcia argues that he attempted to litigate the claims identified by his new counsel in state court, he did not seek any additional state post-conviction relief until nearly three years later in August 2018, when he filed an initial habeas application in the separate Bexar County case. Garcia did not seek additional post-conviction relief in the Dallas County case until November 2018. Garcia presents no justification for this delay, but nevertheless cites his pending state habeas applications as the reason he could not file his Rule 60(b) motion sooner. However, this court has rejected pending state court proceedings as an excuse for Rule 60(b) untimeliness. *Beatty v. Davis*, 2018 WL 5920498, at *4 (5th Cir. Nov. 12, 2018) (holding that habeas petitioner's delay was "not excused by the fact that . . . his subsequent writ was pending in state court" (citing *Clark v. Davis*, 850 F.3d 770, 781 (5th Cir. 2017))).

In addition, Garcia's execution date has been set and re-set since the Supreme Court denied certiorari in his federal habeas case in April 2018. In June 2018, Garcia's execution was stayed until December 4. Still, he waited until November 30 to attempt to reopen his federal proceedings. Garcia provides no explanation for his failure to file his Rule 60(b) motion in the

intervening five months.  *See Edwards*, 865 F.3d at 209 (holding that Rule 60(b) was motion untimely when prisoner had four months' notice of his new execution date but filed motion on "the eve of the execution").  Therefore, Garcia's Rule 60(b) motion was untimely.

## B.

We agree with the district court that there are no extraordinary circumstances warranting relief from judgment.  As noted above, Garcia's Rule 60(b) motion relies on the ineffective assistance of his prior federal habeas counsel as an extraordinary circumstance warranting relief from judgment.  Specifically, he alleges that his prior counsel failed to raise several IATC theories in his initial habeas petition due to their failure to: (1) conduct an adequate mitigation investigation; (2) retain a trauma expert to assist in evaluating mitigation evidence; (3) investigate Garcia's 1996 murder conviction; and (4) investigate the prison conditions at the facilities where Garcia was incarcerated prior to his escape.

None of these allegations appears to have a basis in law or fact.  Turning to his first contention, Garcia's argument focuses on his prior federal habeas counsel's failure to discover several sexual assaults he suffered during his childhood.  However, Garcia's prior counsel hired an experienced mitigation expert, who discovered evidence that Garcia had been sexually assaulted on one prior occasion.  Garcia did not inform the mitigation expert or his counsel that any additional sexual assaults had occurred, nor did he inform the district court when he was given an opportunity to do so during his evidentiary hearing.  And because Garcia's Child Protective Services records indicated that he had suffered no sexual abuse, Garcia has not explained why his prior counsel would have had reason to believe they needed to investigate this issue further.

7

Garcia's argument that his prior federal habeas counsel should have retained a trauma expert would not be sufficient to establish ineffectiveness of trial counsel, much less federal habeas counsel. *See Hinton v. Alabama*, 571 U.S. 263, 275 (2014) ("The selection of an expert witness is a paradigmatic example of the type of strategic choice that, when made after thorough investigation of the law and facts, is virtually unchallengeable."); *see also Batiste v. Davis*, 2017 WL 4155461, at *19 (S.D. Tex. 2017) ("Constitutional law does not require that mitigating evidence come through one specific vehicle."). In fact, Garcia does not explain why a trauma expert's observations would have caused the district court to resolve his IATC claim differently.

Garcia's third allegation—that his prior federal habeas counsel failed to investigate his 1996 murder conviction—is also unavailing, as he fails to acknowledge that his trial counsel *did* present evidence to undermine the reliability of that conviction. Accordingly, it appears that any IATC allegation on this ground would challenge the "strategy employed by trial counsel," which this court has held "does not establish ineffective assistance." *Coble v. Quarterman*, 496 F.3d 430, 436–37 (5th Cir. 2007) (addressing argument that trial counsel had not presented a "coherent theory regarding mitigation").

Finally, Garcia's contention that his prior federal habeas counsel failed to investigate the conditions in the two facilities where he was incarcerated prior to his escape does not provide sufficient grounds for Rule 60(b) relief. As with his prior conviction, Garcia's trial counsel offered at least some evidence of the presence of gang violence at the Connally Unit, the institution from which Garcia escaped, so Garcia's claim that "no court or jury" had heard evidence explaining why he escaped is dubious. In addition, Garcia does not explain why evidence of poor prison conditions would mitigate or excuse his participation in an armed robbery and murder weeks after his escape. Thus,

No. 18-11546

Garcia has not demonstrated a legal or factual basis for an IATC claim based on trial counsel's failure to present more evidence regarding prison conditions.

Ultimately, Garcia's Rule 60(b) motion appears to be based on the belief that his current federal habeas counsel—who have the benefit of hindsight—would have employed different investigative strategies than his prior federal habeas counsel. But this is not an "extraordinary circumstance" that would warrant relief from the district court's judgment. *See Edwards*, 865 F.3d at 204; *Coble*, 496 F.3d at 436–37. Accordingly, we hold that Garcia has not demonstrated an entitlement to Rule 60(b) relief.

### III.

Because Garcia's § 2254 petition is barred, he has failed to make a strong showing of likelihood of success on the merits to support his motion for stay of execution.[3] *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Adams v. Thaler*, 679 F.3d 312, 318 (5th Cir. 2012) (applying the *Nken* factors to a motion for a stay of execution).

--------------------------------------------------------------------------

For these reasons, the district court's transfer order is AFFIRMED, Garcia's motion for remand is DENIED, and his motion for a stay of execution is DENIED. We also DENY Garcia's alternative request for a COA, as reasonable jurists would not disagree with the district court's conclusions.

---

[3] Garcia must additionally show that he would "be irreparably injured absent a stay," that granting the stay would not "substantially injure the other parties interested in the proceeding," and that the public interest supports granting the motion. *Nken*, 556 U.S. at 426. Because Garcia cannot demonstrate a likelihood of success on the merits, we decline to address the remaining factors.