# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 20-40445

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2020

Lyle W. Cayce
Clerk

In re:  BILLY JOE WARDLOW,

> Movant

------------------------------------------------------------------

Consolidated with 20-70012

BILLY JOE WARDLOW,

> Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-40445 c/w
No. 20-70012

With his execution approaching, Billy Wardlow sought to reopen his federal habeas case under Federal Rule of Civil Procedure 60(b)(6). The district court determined that his filing was instead a successive petition for habeas relief and transferred it to us. Wardlow appeals that ruling, but the district court properly characterized the filing. And because Wardlow does not even try to invoke one of the grounds for filing a second habeas petition, he is not eligible for any relief or a stay of execution.

I.

A jury convicted Wardlow of capital murder after he shot and killed Carl Cole during a robbery of Cole's home. He was sentenced to death. The Texas Court of Criminal Appeals affirmed his conviction and sentence on direct appeal.

Several months later, the state trial court held a hearing on appointing Wardlow counsel for postconviction proceedings. Wardlow told the court he did not want a lawyer or to pursue postconviction remedies at all. The trial court found Wardlow was mentally competent and that his waiver of appointed counsel was knowing and voluntary. So it granted his request and sent its findings to the Court of Criminal Appeals.

Wardlow then changed his mind. Mandy Welch agreed to represent him, and she notified the state courts that Wardlow wanted to proceed with postconviction review. The state trial court confirmed Wardlow's wishes in supplemental findings it sent to the Court of Criminal Appeals. That court appointed Welch as Wardlow's attorney and ordered his application to be filed within 180 days.

Less than three weeks before the deadline, however, Wardlow changed his mind again. He told the Court of Criminal Appeals he wanted "to waive and forego all further appeals." The court granted the request. Welch filed

No. 20-40445 c/w
No. 20-70012

Wardlow's habeas application before the deadline anyway. Her filing included a statement from Wardlow authorizing it and asking the court to ignore his latest waiver request. The Court of Criminal Appeals dismissed the application on the procedural ground that Wardlow had waived postconviction remedies.

Wardlow next filed a habeas petition in federal district court. There too he was unsuccessful. *See Wardlow v. Director*, 2017 WL 3614315, at \*1 (E.D. Tex. Aug. 21, 2017). The district court first concluded that the Court of Criminal Appeals' dismissal of his state habeas application on account of waiver was "a valid procedural bar to consideration of his claims." *Id.* at \*10. It then held in the alternative that Wardlow's claims lacked merit. *Id.* at \*11–35. We denied a certificate of appealability, recognizing that neither the district court's procedural bar ruling nor its rejection of his claims' merits were debatable. *Wardlow v. Davis*, 750 F. App'x 374 (5th Cir. 2018) (per curiam).

After an execution date was set, Wardlow asked the Court of Criminal Appeals to reconsider its dismissal of his initial state habeas application. The court agreed, but it still "determined that his claims should be denied." *Ex parte Wardlow*, 2020 WL 2059742, at \*1 (Tex. Crim. App. Apr. 29, 2020). It also dismissed a subsequent application as an abuse of the writ. *Id.* at \*2.

The Court of Criminal Appeals' reconsideration of Wardlow's state habeas application prompted him to file a motion with the federal district court. He claimed the Court of Criminal Appeals had removed the procedural bar that had "predisposed" the district court to rule against him on the merits. So he asked the district court to reexamine the merits of his petition without the procedural bar and its "distorting effects" lurking in the background. He also requested a stay of his execution. The district court concluded that his filing—labeled a Rule 60 motion for relief from a judgment—was actually a

3

successive habeas petition that it lacked jurisdiction to consider without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). It transferred Wardlow's motion to us.

He now seeks review of the district court's determination. We do so *de novo*. *In re Edwards*, 865 F.3d 197, 202–03 (5th Cir. 2017) (per curiam). And we consolidated Wardlow's appeal of the district court's ruling with the proceeding requesting authorization to file a successive petition that was created as a result of the district court's transfer.

## II.

Rule 60(b)(6) permits a court to relieve a party from a previous judgment and reopen the case "for any . . . reason that justifies relief." FED. R. CIV. P. 60(b)(6); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). But in a habeas case, Rule 60 motions are subject to the strictures of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Gonzalez*, 545 U.S. at 529. To prevent Rule 60 from providing an end run around AEDPA's limits on filing multiple federal habeas petitions, a Rule 60 motion that effectively amounts to a successive habeas petition should be treated as such. *Id.* at 531–32. When a purported Rule 60 motion either presents a new habeas claim or attacks a federal habeas court's previous resolution of a claim on the merits, it must comply with AEDPA' limits on successive petitions. *In re Edwards*, 865 F.3d at 203–04; *see also* 28 U.S.C. § 2244(b). Only a motion that credibly alleges "a non-merits-based defect" in the district court's initial decision is a proper Rule 60 motion. *Id.* at 204 (citation omitted).

One situation warranting a Rule 60 motion is when a state court decision removes the basis for a federal habeas court's prior procedural default ruling that prevented the federal court from reaching a petition's merits. *See Ruiz v. Quarterman*, 504 F.3d 523, 525–28, 531–32 (5th Cir. 2007). Wardlow says that

is what happened when the Texas Court of Criminal Appeals reconsidered its earlier dismissal of his state habeas application. It is not clear whether the court was reversing its earlier procedural bar decision or merely providing alternative, merit-based grounds to deny Wardlow's application. *See Ex parte Wardlow*, 2020 WL 2059742, at \*1. We nevertheless assume *arguendo* that Wardlow is right that the state court withdrew its procedural ruling.

That is not enough for Wardlow. The district court not only decided his claims were procedurally defaulted; it rejected his claims on the merits too. Its procedural holding thus did not "preclude[] a merits determination." *Gonzalez*, 545 at 523 n.4. Wardlow wants the district court to take another look now that the procedural bar is supposedly gone. But that request is exactly what the Supreme Court has said makes a nominal Rule 60 motion a successive habeas petition: it "does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 532 n.5.

Recognizing that his motion looks like an attempt to relitigate the merits of his habeas petition, Wardlow argues the district court lacked jurisdiction to make its alternative merits holdings in light of the procedural bar it found. But the Supreme Court has explained that, in the habeas context, procedural default is "grounded in concerns of comity and federalism," not jurisdiction. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).[1] That is why a state can forfeit its procedural default defense, and a court is not required to raise it *sua sponte*. *Trest v. Cain*, 522 U.S. 87, 89 (1997). That is also why courts need not "invariably" answer a procedural default question before others. *Lambrix v.*

---

[1] By contrast, the independent and adequate state ground doctrine has a jurisdictional basis when the Supreme Court is considering a direct appeal from a state court. That is because the Court's jurisdictional statute allows it to review only *judgments* that implicate a federal question. *See* 28 U.S.C. § 1257. "[I]f resolution of a federal question cannot affect the judgment, there is nothing for the Court to do." *Coleman*, 501 U.S. at 730.

No. 20-40445 c/w
No. 20-70012

*Singletary*, 520 U.S. 518, 525 (1997); *see also Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir. 2004) (deciding the merits of a claim after "looking past any procedural default"). The district court thus had jurisdiction to assess the merits in its original habeas opinion despite also finding procedural default.

Wardlow next tries to portrays his motion as a non-merits-based attack by asserting that the district court's procedural bar determination "skewed" its alternative merits rulings. But this allegation is pure speculation, and there was nothing unusual about the court making alternative holdings. Courts, including ours, often do so. Our court even "follows the rule that alternative holdings are binding precedent and not *obiter dictum*." *Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 465 (5th Cir. 1991). If anything, addressing the merits after recognizing a procedural bar—especially when that merits analysis extends to 24 pages, *see Wardlow*, 2017 WL 3614315, at *11–35—shows the district court's conscientious treatment of Wardlow's case, not its neglect.

The district court was correct: Wardlow's recent filing should be treated as a successive habeas petition.

III.

Wardlow does not seek our authorization to file a successive petition. He likely recognizes that he does not qualify for any of the paths for doing so. When it comes to a successive habeas petition, "any claim that has already been adjudicated in a previous petition must be dismissed." *Gonzalez*, 545 U.S. at 529–30 (citing 28 U.S.C. § 2244(b)(1)). Wardlow's recent filing asks only that the district court reconsider the same claims he made in his initial habeas petition. He does not rely on one of the two acceptable bases for a successive petition: a new rule of constitutional law retroactively applicable to habeas cases or newly discovered facts that show innocence. *See* 28 U.S.C.

No. 20-40445 c/w
No. 20-70012

§ 2244(b)(2). Because the district court already adjudicated Wardlow's claims, he is not entitled to reconsideration of that ruling via a second habeas motion.

* * *

We AFFIRM the district court's ruling that the self-styled Rule 60 motion should be transferred to this court as a request for authorization to file a successive habeas application. We DENY authorization to file a second habeas application. Having rejected Wardlow's sole ground for relief, we also DENY his request for a stay of execution. *See In re Edwards*, 865 F.3d at 209.